IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JOSEPH MURPHY, | ) |
| Plaintiff, | ) ) ) |
| v. | )   CASE NO. 1:22-cv-01266-JBM-JEH |
| CURTIS BAILEY, *et al.*, | ) ) ) |
| Defendants. | ) |

**JOINT DISCOVERY PLAN**

The Parties jointly submit this Discovery Plan pursuant to pursuant to Federal Rule of Civil Procedure 26(f)(3) and the Court's Standing Orders. Plaintiff opposes Defendants' Motion to Stay Merits Discovery, filed on September 15, 2023, and will submit written objections on or before September 29, 2023. *See* Dkt. 44. The respective positions of the parties with respect to scheduling are set forth below.

A. **Plaintiff's Position**

A stay at this juncture of the case is premature and improper. As Plaintiff's counsel informed Defendants' counsel at a conference on September 15, 2023, only hours before Defendants filed their motion, a stay is not appropriate at this early stage of the case. That is because (i) the parties have not taken any discovery (ii) there are remaining John Doe Defendants to be identified, (iii) Defendants have claimed that Defendant Petterson was incorrectly named, and (iv) disputed issues of material fact issues exist regarding Defendants' purported exhaustion of administrative remedies defense.

Plaintiff will respond to Defendant's Motion to Stay Merits Discovery in full on September 29, 2023. In the meantime, Plaintiff will serve targeted discovery aimed at confirming what

1

records exist in Defendants' possession, custody, and control, discovering the identities of the John Doe Defendants, and confirming that the correct Defendants are named in the above captioned action. This initial and targeted discovery will enable the parties to proceed efficiently and will not be burdensome for Defendants to respond to while drafting their Motion for Summary Judgment. This process is necessary regardless of Defendants' affirmative defense of failure to exhaust remedies, and should not be delayed.

Even the factual record submitted by Defendants to support their Motion confirms that a stay is not appropriate. For example, exhibits to Defendants' Motion to Stay Merits Discovery confirm Defendants' obstruction of Plaintiff's use of the grievance procedures. In her Offender's Grievance submitted on August 4, 2022 relating to the sexual assault that Plaintiff suffered on July 27, 2022, Plaintiff wrote, "I Am Not Safe, I Am Being Denied My Rite [sic] To Grievance Process." *See* Dkt. 44-1 at 3. Plaintiff further wrote "I Am Sending This Grievance To SpringField To Attempt To Find Help & HopeFully A Solution To This atrocity—This Is my Only Remedy available please Help me…" *See id*. There are therefore factual questions concerning Plaintiff's access to the grievance procedures, which should preclude a stay of discovery with respect to these questions. The caselaw offered by Defendants does not require a different result. A stay is not appropriate where there is "overlap between the factual issues relating to exhaustion and those relating to the merits" of Plaintiff's claims. *Pavey v. Conley*, 544 F.3d 739, 741–42 (7th Cir. 2008). Here, disputed issues of material fact issues exist regarding Defendants' purported exhaustion of administrative remedies defense, and these fact questions are inextricably linked to the merits of Plaintiff's claims.

B. **Defendants' Position**

For the reasons expressed in Defendants' Motion to Stay, merits discovery is premature. (ECF No. 44) (citing 42 U.S.C. § 1997e(a); *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).) Although Rule 26(a)(1) disclosures, written discovery, and oral discovery should be permitted to proceed, such discovery should be limited to the issue of exhaustion of available administrative remedies. (*Id.*) Accordingly, Defendants do not object to an exhaustion-discovery schedule. Upon this Court's adjudication of any prospective Motion for Summary Judgment for Failure to Exhaust Administrative Remedies, the Parties can confer and propose a merits discovery schedule.

Additionally, Defendants will dispute Plaintiff's above assertion that Plaintiff was afraid of using the grievance process at Pontiac Correctional Center. Defendants will establish that Plaintiff filed numerous grievances as recently as August 9, August 20, September 2, September 9, and September 19, 2022, all while housed at Pontiac.

C. **Joint Discovery Plan**

1. **Meeting.** Pursuant to Rule 26(f), Counsel for Plaintiff Abby L. Parsons and counsel for Defendants Daniel N. Robbin held a telephonic meeting on September 15, 2023, for the purpose of formulating a proposed discovery schedule for consideration by the Court.

2. **Pretrial Schedule.** The parties did not agree to a pretrial schedule because Plaintiff does not agree to a stay of discovery on the merits of Plaintiff's claims. The Parties set forth their respective proposed pretrial schedule dates below.

**Plaintiff's and Defendants' Proposed Pre-Trial Schedule**

| Case Event | Plaintiff's Proposed Date | Defendants' Proposed Date |
|---|---|---|
| Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) | October 17, 2023 | October 17, 2023, limited to exhaustion of administrative remedies |
| Amendment of the pleadings | February 23, 2024 | February 23, 2024 |
| Joining of additional parties | February 23, 2024 | February 23, 2024. |
| Close of fact discovery | June 14, 2024 | June 14, 2024. |
| Disclosure of Plaintiff's expert reports | July 19, 2024 | July 19, 2024. |
| Disclosure of Defendants' expert reports | September 5, 2024 | October 25, 2024 |
| Completion of expert discovery | October 4, 2024 | December 11, 2024 |
| Dispositive Motions | October 18, 2024 | Defendants note that Plaintiff's proposed schedule for discovery and dispositive motions (14 days apart) is unreasonable and likely to cause delay. Alternatively, Defendants propose, January 22, 2025 |

**Plaintiff's and Defendants' Proposed Exhaustion-Discovery Schedule**

| Case Event | Plaintiff's Proposed Date | Defendants' Proposed Date |
|---|---|---|
| Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on issue of exhaustion | Plaintiff objects to limiting discovery to exhaustion. | 10/17/2023 |
| Close of discovery on exhaustion | | 1/16/2024 |
| Dispositive motions on exhaustion | | 2/23/2024 |

3.       **Written Discovery.** Plaintiff intends to serve interrogatories, requests for admission and requests for production on Defendants regarding the deprivations of Plaintiff's rights, Plaintiff's medical records during incarceration, the staffing and scheduling of

4

Defendants, incidents and Grievances involving the Defendants, and related matters. At this time, Plaintiff believes that the number of requests permitted by the Federal Rules 33 and 34 are sufficient for this case.

Defendants maintain that any written discovery relating to "deprivations of Plaintiff's rights" is premature, and that this matter of scheduling should be reserved until after adjudication of dispositive motions relating to exhaustion of administrative remedies.

4. **Depositions.** Plaintiff's position is that depositions of some or all of the Defendants will be necessary, as well as depositions of a records keeper at Pontiac Correctional Center and Menard Correctional Center, and potentially other corrections agencies.

Defendants maintain that any oral discovery should be limited to exhaustion of administrative remedies, and that the matter of scheduling merits-based oral discovery should be reserved until after adjudication of dispositive motions relating to exhaustion of administrative remedies.

5. **Electronically Stored Information.** Plaintiff expects that this case will involve the production of electronically stored information (ESI) as plaintiff anticipates that Defendants' records and the records of Pontiac and Menard Correctional Centers are stored electronically.

Defendants maintain that discovery of any ESI unrelated to exhaustion of administrative remedies is premature, per 42 U.S.C. § 1997e(a).

## CONCLUSION

The Parties jointly submit this proposed Discovery Plan and Proposed Schedule pursuant to the FED. R. CIV. P. 26(f)(3) and the Court's Standing Orders.

Dated: September 19, 2023

Respectfully submitted,

/s/ *D.N. Robbin*
Daniel N. Robbin
Assistant Attorney General
Office of the Illinois Attorney General
General Law Bureau, Prisoner Litigation
100 W. Randolph St., 13th Fl.
Chicago, Illinois 60601
(312) 814-7199
daniel.robbin@ilag.gov

*Counsel for Defendants, CURTIS BAILEY, THOMAS DAYTON, BLAKE ANDERSON, SEAN BROWN, JAMES ATTIG, TRAVIS PETERS, AND MINDI NURSE*

/s/ *Brent P. Ray*
Brent P. Ray
KING & SPALDING LLP
110 N Wacker, Suite 3800
Chicago, IL 60606
(312) 764-6925
bray@kslaw.com

Abby Parsons
KING & SPALDING LLP
1100 Louisiana St., Suite 4000
Houston, TX 77002
(713) 751-3200
aparsons@kslaw.com

*Counsel for Plaintiff, ANDREYA MONTRISE (known to IDOC as JOSEPH MURPHY)*

**CERTIFICATE OF SERVICE**

  Undersigned counsel hereby certifies that on September 19, 2023 this JOINT DISCOVERY PLAN was filed via the Court's CM/ECF System and all counsel of record were notified by email.

                 /s/ *Brent P. Ray*
                 Brent P. Ray
                 *Counsel for Plaintiff*