# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| JOSEPH MURPHY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 1:22-cv-01266-JBM-JEH |
| CURTIS BAILEY, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## JOINT DISCOVERY PLAN

The Parties jointly submit this Discovery Plan pursuant to pursuant to Federal Rule of Civil Procedure 26(f)(3), the Court's Standing Order, and Minute Entry dated October 16, 2023. The respective positions of the Parties with respect to scheduling are set forth below.

**A.** **Joint Discovery Plan**

**1.** **Meeting.** Pursuant to Rule 26(f), Counsel for Plaintiff Abby L. Parsons and counsel for Defendants Daniel N. Robbin held a telephonic meeting on September 15, 2023, for the purpose of formulating a proposed discovery schedule for consideration by the Court. The Parties also conferred via email thereafter.

**2.** **Pretrial Schedule.** The Parties have agreed to the below proposed pretrial schedule dates below.

**Plaintiff's and Defendants' Proposed Pre-Trial Schedule**

| Case Event | Proposed Date |
|---|---|
| Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) | December 15, 2023 |
| Amendment of the pleadings | February 23, 2024 |
| Joining of additional parties | February 23, 2024 |
| Close of fact discovery | June 14, 2024 |
| Disclosure of Plaintiff's expert reports | July 19, 2024 |
| Disclosure of Defendants' expert reports | September 5, 2024 |
| Completion of expert discovery | October 4, 2024 |
| Dispositive Motions | November 4, 2024 |

3. **Written Discovery.**

   a. **Plaintiff's Position**

Plaintiff intends to serve interrogatories, requests for admission and requests for production on Defendants regarding the deprivations of Plaintiff's rights, Plaintiff's medical records during incarceration, the staffing and scheduling of Defendants, incidents and Grievances involving the Defendants, the Prison Rape Elimination Act (PREA) investigation initiated at Pontiac Correctional Center to investigate Plaintiff's grievances that Grievance Officer Kelly Pierce confirmed was active as of October 18, 2022, *see* Dkt 44-2 at 1, and related matters. At this time, Plaintiff believes that the number of requests permitted by the Federal Rules 33 and 34 are sufficient for this case.

Plaintiff expects to serve discovery requests seeking documents and written responses relating to staff rosters and scheduling, surveillance footage, and the Prison Rape Elimination Act investigation performed by prison officials in response to Plaintiff's grievances. The Court

denied Defendants' Motion for a Stay of Merits Discovery and acknowledged that there is "substantial overlap between some of the exhaustion discovery and the merits discovery." *See* 10/16/23 Minute Order, Attachment 1 [0:14:08-0:14:30]. The Court confirmed that merits discovery is appropriate and necessary at this stage of the case, stating "To the extent there is overlap between exhaustion and merits discovery, do that as well." *See* 10/16/23 Minute Order, Attachment 1 [0:18:40-0:18:50]. Plaintiff's position is that the forthcoming discovery will be necessary for defendants to prove the availability of remedies, including which Defendants were in Plaintiff's proximity during and after the deprivations of Plaintiff's rights. Plaintiff does not anticipate that the sought document discovery will be overly burdensome. With respect to the PREA investigation and related documents, defendants confirmed at the hearing on October 16, 2023, that these documents will not be burdensome to obtain. *See* 10/16/23 Minute Order, Attachment 1 [0:11:05-0:11:20] ("We can produce the PREA documents pretty quickly anyway. If that's something that they just want down the road anyway, I can get that for them.")

b. **Defendants' Position**

In compliance with this Court's order of October 16, 2023, that the Parties "prioritize exhaustion related discovery in their plan," Defendants intend to serve targeted interrogatories and requests to admit relating to their affirmative defense of failure to exhaust available administrative remedies, including Plaintiff's contention that such remedies were unavailable. Defendants contend that discovery relating to staffing and scheduling of Defendants (and other matters referenced in the foregoing paragraph) conflict with this Court's oral pronouncement and order of October 16, 2023, at which this Court stated that discovery should not be stayed to the extent that there is overlap between (1) discovery on the merits of Plaintiff's claims and (2) discovery on the issue of failure to exhaust available administrative remedies.

Due to the sensitive nature of Plaintiff's prospective requests for production under Rule 34, Defendants intend to propose entry of a protective order for confidentiality and attorney-eyes only under Rule 26(c) after conferring with Plaintiff's counsel.

   4. **Depositions.**

      a. **Plaintiff's Position**

Plaintiff's position is that depositions of some or all of the Defendants will be necessary, as well as depositions of a records keeper at Pontiac Correctional Center and Menard Correctional Center, and potentially other corrections agencies.

      b. **Defendants' Position**

In compliance with this Court's order that the Parties "prioritize exhaustion related discovery in their plan," Defendants do not believe that noticing depositions of individuals (like Defendants) unrelated to the grievance process will be consistent with this Court's October 16 order.

   5. **Electronically Stored Information.**

      a. **Plaintiff's Position**

Plaintiff expects that this case will involve the production of electronically stored information (ESI) as plaintiff anticipates that Defendants' records and the records of Pontiac and Menard Correctional Centers are stored electronically.

      b. **Defendants' Position**

In compliance with this Court's order that the Parties "prioritize exhaustion related discovery in their plan," Defendants contend that the production ESI is unnecessary for exhaustion discovery and should be reserved for merits discovery. Defendants at this juncture do

not anticipate any ESI being referenced in their prospective Exhaustion Motion for Summary Judgment.

## CONCLUSION

The Parties jointly submit this proposed Discovery Plan and Proposed Schedule pursuant to the FED. R. CIV. P. 26(f)(3) and the Court's Standing Orders.

Dated: October 30, 2023

Respectfully submitted,

/s/ Daniel N. Robbin
Daniel N. Robbin
Assistant Attorney General
Office of the Illinois Attorney General
General Law Bureau, Prisoner Litigation
100 W. Randolph St., 13th Fl.
Chicago, Illinois 60601
(312) 814-7199
daniel.robbin@ilag.gov

*Counsel for Defendants, CURTIS BAILEY, THOMAS DAYTON, BLAKE ANDERSON, SEAN BROWN, JAMES ATTIG, TRAVIS PETERS, AND MINDI NURSE*

/s/ Noah Stid
Brent P. Ray
KING & SPALDING LLP
110 N Wacker, Suite 3800
Chicago, IL 60606
(312) 764-6925
bray@kslaw.com

Abby Parsons
KING & SPALDING LLP
1100 Louisiana St., Suite 4000
Houston, TX 77002
(713) 751-3200
aparsons@kslaw.com

Noah Stid
KING & SPALDING LLP
601 South California Avenue
Palo Alto, CA 94304
(650) 422-6702
nstid@kslaw.com

*Counsel for Plaintiff,
ANDREYA MONTRISE (known to IDOC as JOSEPH MURPHY)*

**CERTIFICATE OF SERVICE**

Undersigned counsel hereby certifies that on October 30, 2023 this JOINT DISCOVERY PLAN was filed via the Court's CM/ECF System and all counsel of record were notified by email.

/s/    Noah Stid
Noah Stid

*Counsel for Plaintiff*
