IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| JOSEPH MURPHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:22-cv-01266-JBM-JEH |
| | ) | |
| CURTIS BAILEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT

This is an action for money damages and injunctive relief for injuries sustained by Plaintiff Andreya Montrise ("Plaintiff"), known to the Illinois Department of Corrections (IDOC) as Joseph Murphy (ID# 42534), as a result of non-consensual sexual assault, beatings and coercion in violation of Plaintiff's constitutional and state rights by Defendants Bailey, Dayton, Anderson, Peters, Pratt, Perez, Brown, Nurse, Attig (collectively "Defendants") pursuant to 42 U.S.C. §§ 1983, the Eighth Amendment of the United States Constitution, and 28 U.S.C. §§ 1331. The aforementioned statutory and constitutional provisions confer original jurisdiction of this Court over this matter.

### JURISDICTION AND VENUE

1. This action arises under the Eighth Amendment of the U.S. Constitution and is brought pursuant to 42 U.S.C. § 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges, and immunities guaranteed to Plaintiff by the laws of the United States.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1334 and 1367.

1

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. Many of the events giving rise to the claims asserted in this Complaint occurred in this district.

**PARTIES**

4. Plaintiff is and was, at all times material herein, a citizen of the United States, a resident of the State of Illinois, and in the custody of the state of Illinois.

5. Defendant Sergeant Bailey was a Correctional Officer at Pontiac Correctional Center at all relevant times. Defendant Bailey is legally responsible for ensuring the safety of inmates in his care.

6. Defendant Lieutenant Dayton was a Correctional Officer at Pontiac Correctional Center at all relevant times. Defendant Dayton is legally responsible for ensuring the safety of inmates in his care.

7. Defendant Sergeant Attig was a Correctional Officer at Pontiac Correctional Center at all relevant times. Defendant Attig is legally responsible for ensuring the safety of inmates in his care.

8. Defendant Officer Anderson was a Correctional Officer at Pontiac Correctional Center at all relevant times. Defendant Anderson is legally responsible for ensuring the safety of inmates in his care.

9. Defendant Officer Peters was a Correctional Officer at Pontiac Correctional Center at all relevant times. Defendant Peters is legally responsible for ensuring the safety of inmates in his care.

10. Defendant Sergeant Ivan Perez was a Correctional Officer at Pontiac Correctional Center at all relevant times. Defendant Perez is legally responsible for ensuring the safety of inmates in his care.

11.     Defendant Lieutenant Jordan Pratt was a Correctional Officer at Pontiac Correctional Center at all relevant times. Defendant Pratt is legally responsible for ensuring the safety of inmates in his care.

12.     Defendant Mindi Nurse is the warden of Pontiac Correctional Center where these events took place. Defendant Nurse is included in this action pursuant to the Court's order that she assist in identifying John Doe defendants. Defendant Nurse has refused to provide discovery responses, produce documents, or participate in deposition, yet additional John and Jane Does remain unidentified.

## FACTUAL BACKGROUND

13.     Plaintiff is a transgender woman with the body and breasts of a woman.

14.     Plaintiff uses She/Her pronouns to refer to herself, consistent with her gender identify.

15.     As a transgender woman in an all-male correctional institution, Plaintiff is frequently subject to harassment, threat and assault from correctional officers and inmates.

**A.  July 19, 2022 Incident**

16.     On July 19, 2022, at about 6 p.m., Plaintiff was transferred from South Mental Health by Defendant Officer Peters and Defendant Lieutenant Dayton.

17.     Peters squeezed Plaintiff's wrist cuffs tightly, causing Plaintiff pain.

18.     Peters and Dayton ignored Plaintiff's pain, cuffed Plaintiff behind Plaintiff's back, and cuffed Plaintiff's ankles. Dayton pushed Plaintiff forward causing Plaintiff to fall on Plaintiff's face. Peters put his knee on Plaintiff's back causing pain. Peters and Dayton then dragged Plaintiff through the prison, periodically slamming Plaintiff down, causing injury to Plaintiff's wrist, ankle, lower calves, shoulders and back.

3

19. Plaintiff cried out numerous times. Multiple John/Jane Doe staff, Defendant Lieutenant Pratt and Defendant Correctional Officer Brown, observed this incident and knew it was wrong, but did not intervene to protect Plaintiff from the abuse.

20. Plaintiff was dragged into North Cell House 1 Gallery Holding Tank 2, laying face down on the floor. Plaintiff was not resisting.

21. Defendant Sergeant Ivan Perez grabbed the back of Plaintiff's head and slammed it down into the floor, then exerted pressure on the back of Plaintiff's head and smashed Plaintiff's face into the floor. Peters and Dayton then left Plaintiff with North House Sergeant Perez. Plaintiff asked for medical attention and was denied by Defendant Perez.

22. Defendant Perez and a Correctional Officer John Doe then pulled plaintiff out of the holding tank and placed Plaintiff in North House 5 Gallery cell and continued to refuse to provide medical attention.

### B. July 23, 2023 Incident

23. On July 23, at about 8:30 a.m., Defendant Correctional Officer Anderson escorted Plaintiff stating Plaintiff had a healthcare visit.

24. Defendant Anderson had, previously, tried to lure Plaintiff into sexual activity and had grabbed Plaintiff's anus and bottom.

25. Defendant Anderson asked Plaintiff why Plaintiff had reported Defendants Dayton and Peters for the events of July 19. Plaintiff did not say anything out of fear for Plaintiff's safety. Defendant Anderson then asked Plaintiff why Plaintiff had asserted a Prison Rape Elimination Act claim against Anderson regarding Defendant Anderson's prior grabbing of Plaintiff's bottom.

26. Defendant Anderson spoke with Lieutenant Lindsey, then told Plaintiff they were going back to Plaintiff's cell instead of to healthcare. Plaintiff asked to speak to someone from

4

Mental Health to document the medical neglect and Anderson depriving Plaintiff of the medical pass.

27. At about 11:45 a.m. Anderson escorted Plaintiff to Holding Tank 2, where Plaintiff spoke to Mental Health staff Petra. Anderson took Plaintiff back to Plaintiff's cell, at which time, in the door of Plaintiff's cell, Anderson grabbed and squeezed Plaintiff's breast in an attempt to please himself sexually.

### C. July 27, 2022 Incident

28. On July 27, 2022, Plaintiff was feeling mentally unstable, and was being held in an inoperative cell with no power and a broken toilet.

29. Plaintiff asked for a crisis team so Plaintiff could talk to someone. Plaintiff was placed in Holding Tank 01 by an officer. Nurse Kendra came to do Plaintiff's mental health assessment because no mental health workers were available.

30. Plaintiff explained the inoperative cell issue, and the mental instability issues. Nurse Kendra then went in the Lieutenant Office and said that Sergeant Bailey was forcing Plaintiff to go on crisis watch and that there was nothing Kendra could do about it.

31. Crisis Watch is only for suicidal and homicidal patients, and Plaintiff had not at any time claimed to be suicidal or homicidal but was still forced to go.

32. Sergeant Bailey and Sergeant Addict approached the holding tank with Plaintiff inside, then walked away.

33. Then a Major came and stood by the holding tank and Plaintiff told him that Plaintiff was a trans woman and would only strip out for a woman. Plaintiff's ID says female gender and female strip search preferred on it.

34. Defendants Bailey and Addict then took Plaintiff out of Holding Tank 01 and placed Plaintiff in a room in Holding Tank 04.

35. Defendant Bailey then forced Plaintiff to perform oral sex on Bailey.

36. Defendant Addict was present and did not stop the assault.

37. Plaintiff was then told to strip and was placed in a smock and placed on crisis watch.

38. Plaintiff then cried to sleep and had suicidal thoughts due to Defendant Bailey forcing Plaintiff to perform a sex act against Plaintiff's will.

39. Plaintiff reported the sexual abuse and was spoken to by Nurse Kendra, Internal Affairs Officers, and Illinois State Police. Plaintiff was sent to the hospital for a rape kit. Upon return to Pontiac, Defendant Bailey was at North Cell House. Defendant Bailey violated Plaintiff's property issued Plaintiff a ticket in retaliation for Plaintiff's complaint about the sexual abuse.

**D. August 4, 2022 Grievance**

40. On August 4, 2022, Plaintiff filled out an Illinois Department of Corrections Offender's Grievance form to grieve the sexual assault and abuses perpetrated by Defendants Bailey and Attig on July 27, 2022. Plaintiff specifically identified the perpetrators, the time of the assault, and the place where it occurred. See Dkt 44-1.

41. Plaintiff also described interference in her access to grievance procedures to report this inhumane treatment, stating just days after the sexual assault she experienced:

> I Am Being ***Denied My Rite To Grievance Process***, I Am Being Told That I Am Going To Die In Pontiac C.C., Staff In Pontiac is Consistently Harassing Me And Harming Me while cuffed, Again ***I Try To Turn In Grievance Multiple Times And Was Refused everytime*** – By Staff Telling Me They wont Help me Grieve anything on there Co-worker.

6

*See* Dkt. 44-1 at 3.[1] Plaintiff then submitted her grievance directly to the Administrative Review Board (ARB), rather than through the staff who were preventing access to the grievance procedures, explaining: "I Am Sending This Grievance To Springfield To Attempt To Find Help & Hopefully A Solution To This Atrosity [sic]—***This is my only Remedy available*** please Help me…" *Id*.

### E. September 2, 2022 Grievance

42. On September 2, 2022, Plaintiff filled out and submitted a second Offender's Grievance to grieve the July 19, 2022, assault, specifically identifying Defendants Dayton and Peters as the ones who assaulted her. See Dkt. 44-2 at 2.

43. Plaintiff further accused Pontiac staff of "Not Allowing Me Properly Document Staff Misconduct & Neglect Like I Have Been Accustom to Doing." Id.

44. Plaintiff further noted her ongoing deprivations of rights, stating:

I Am Forced To Be Taken To Shower's By Male C/O's who Sexualy Harras and assault's me and even when I Put In PREA's IA Take's Week's To Talk To Me and ***The very C/O who Assaulted me Is Always Left around me To Now with Motivation*** – Continue to Assault and Neglect Me.

*See id*. at 4. Plaintiff's complaint was received by Pontiac officials.

### F. The Investigation

45. At the time of the sexual assault on July 27, 2022, Plaintiff immediately reported the assault to Mental Health Professional (MHP) Martin and a female warden. *See* Dkt. 44-1 at 2, 3.

46. Plaintiff was taken to St. Joseph's hospital where a rape kit was administered by registered nurse Linsey. *Id.*

---

[1] All emphasis has been added unless otherwise noted.

47. On July 29, 2022, two days after the sexual assault, Plaintiff spoke with "PD-Detectives" where she "explain[ed] the rape" and her concerns for her safety, specifically mentioning her fear. *Id*. at 3.

48. Plaintiff then spoke with the Pontiac Internal Affairs Head of Investigations Mr. "Angland" regarding the same incidents and requested a transfer for her safety. Id.

49. Mr. Angland said he could not guarantee a transfer but would "try to keep Srg. Bailey from [Plaintiff]." *Id*.

50. Mr. Angland intervened when Defendant Bailey came to take Plaintiff back to her cell and told Defendant Bailey that he would call for someone else to take Plaintiff back to her cell. *Id*.

51. In response to her August 4, 2022 grievance plea for help, the ARB responded on August 18, 2022, stating that it "will make the warden and IA aware of allegations." See Dkt. 44-1 at 1.

52. In response to her September 4, 2022 Grievance, Plaintiff was transferred to another all-male maximum security prison, Menard Correctional Center on October 5, 2022. *See* Dkt. 44-2. at 1.

53. Plaintiff's Grievance was forwarded to Internal Affairs and the PREA coordinator at Menard Correctional Center on October 18, 2022. *Id*.

54. The Grievance Officer noted in the denial of Plaintiff's grievance that the Pontiac PREA Coordinator "advised that he confirmed with Pontiac that they have an open PREA investigation in regard to [Plaintiff's] claims in the grievance." *Id.*

*55.* Based on the transfer and the active PREA investigation, the grievance officer recommended that "the inmate's grievance be MOOT." Id. The Chief Administrative Officer concurred, and no further action was taken. *Id*.

**COUNT I**
**Excessive Force Pursuant to 28 U.S.C. § 1983**

56. Plaintiff re-alleges and incorporates by reference all prior paragraphs of this Complaint.

57. On July 19, 2022, Defendants Peters, Dayton, and Perez assaulted Plaintiff, squeezing her wrist cuffs tightly, pushing her to the floor, kneeling on her back, and dragging her down the hall, periodically slamming Plaintiff down, causing injury to Plaintiff's wrist, ankle, lower calves, shoulders and back.

58. On July 23, 2022, Defendant Anderson grabbed Plaintiff's anus, bottom and breast for his own sexual gratification.

59. On July 27, 2022, Defendant Bailey accosted Plaintiff and forced Plaintiff to perform oral sex while she was in his custody.

60. Defendants acted maliciously and sadistically towards Plaintiff,

61. Defendants' actions were not performed as part of a good faith effort to maintain or restore discipline. Rather, Defendants acted maliciously and sadistically with the goal of inflicting harm on Plaintiff and for their own gratification.

62. Plaintiff did not consent to the offensive contact alleged herein, constituting assault and battery upon her.

63. As a result of Defendants' malicious and sadistic conduct, Plaintiff was harmed and continues to be harmed.

## COUNT II
## Failure to Intervene

64. Plaintiff re-alleges and incorporates by reference all prior paragraphs of this Complaint.

65. On July 19, 2022, Defendants Peters, Dayton, and Perez assaulted Plaintiff, squeezing her wrist cuffs tightly, pushing her to the floor, kneeling on her back, and dragging her down the hall, periodically slamming Plaintiff down, causing injury to Plaintiff's wrist, ankle, lower calves, shoulders and back.

66. Plaintiff was then dragged into North Cell House 1 Gallery Holding Tank 2, laying face-first on the floor. Plaintiff was not resisting. Defendant Perez grabbed the back of Plaintiff's head and slammed it down into the floor, then exerted pressure on the back of Plaintiff's head and smashed Plaintiff's face into the floor. Peters and Dayton then left Plaintiff with North House Sergeant Perez.

67. Defendants John/Jane Does, Pratt, Peters, Dayton and Brown observed this conduct and knew it was wrong, and had a realistic opportunity to step forward and prevent their fellow officers from violating plaintiff's rights, but instead did nothing.

68. On July 27, 2022, Defendant Bailey forced Plaintiff to perform oral sex on Defendant Bailey while Defendant Attig was present and observed.

69. Defendant Attig observed this conduct and knew it was wrong, and had a realistic opportunity to step forward and prevent Defendant Bailey from violating plaintiff's rights, but instead did nothing.

70. As a result of Defendants' failure to intervene, Plaintiff was harmed and continues to be harmed.

## COUNT III
### Failure to Provide Medical Care

71. Plaintiff re-alleges and incorporates by reference all prior paragraphs of this Complaint.

72. On July 19, 2022, Defendants Peters, Dayton, and Sergeant John Doe assaulted Plaintiff, squeezing her wrist cuffs tightly, pushing her to the floor, kneeling on her back, and dragging her down the hall, periodically slamming Plaintiff down, causing injury to Plaintiff's wrist, ankle, lower calves, shoulders and back.

73. Plaintiff was then dragged into North Cell House 1 Gallery Holding Tank 2, laying face-first on the floor. Plaintiff was not resisting. Defendant Sergeant Perez grabbed the back of Plaintiff's head and slammed it down into the floor, then exerted pressure on the back of Plaintiff's head and smashed Plaintiff's face into the floor. Peters and Dayton then left Plaintiff with Defendant Perez.

74. Plaintiff asked Defendant Perez for medical attention, but he did not provide any.

75. When Defendant Perez denied Plaintiff medical attention, he was actually aware of a substantial risk of harm to plaintiff and failed to act or disregarded the risk.

76. In failing to act, Defendant Perez demonstrated deliberate indifference to an inmates objectively serious health condition.

77. As a result of Defendants' failure to intervene, Plaintiff was harmed and continues to be harmed.

Dated: April 23, 2024                               Respectfully submitted,


                                                 /s/ *Brent P. Ray*
                                                 Brent P. Ray
                                                 KING & SPALDING LLP
                                                 110 N Wacker, Suite 3800
                                                 Chicago, IL 60606
                                                 (312) 764-6925
                                                 bray@kslaw.com

                                                 Abby Parsons
                                                 KING & SPALDING LLP
                                                 1100 Louisiana St., Suite 4000
                                                 Houston, TX 77002
                                                 (713) 751-3200
                                                 aparsons@kslaw.com

                                                 Noah Stid
                                                 KING & SPALDING LLP
                                                 601 S. California Ave.
                                                 Palo Alto, CA 94304
                                                 nstid@kslaw.com

                                                 *Counsel for Plaintiff,*
                                                 *ANDREYA MONTRISE (known to*
                                                 *IDOC as JOSEPH MURPHY)*

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that on April 23, 2024 this FIRST AMENDED COMPLAINT was filed via the Court's CM/ECF System and all counsel of record were notified by email.

/s/ *Brent P. Ray*
Brent P. Ray
*Counsel for Plaintiff*
