## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| JOSEPH MURPHY, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **Case No. 22-CV-1266** |
| | ) | |
| CURTIS BAILEY, *et al.* | ) | |
| | ) | |
| **Defendants.** | ) | |

## O R D E R

Pending before the Court are a Motion to Dismiss (Doc. 66) and a Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Doc. 73).

In the May 2023 Merit Review Order (Doc. 25) of Plaintiff's *pro se* Complaint (Doc. 1), the Court held that Plaintiff had stated Eighth Amendment claims against Doe Defendants, in addition to named Defendants.  Specifically, Plaintiff stated an excessive force claim and a deliberate indifference claim both against Sergeant John Doe, as well as a failure to intervene claim against John/Jane Does.

The Court directed the Clerk to add Warden Mindi Nurse as a defendant "solely for the purpose of discovery to assist Plaintiff in identifying the John/Jane Doe Defendants." (Doc. 25 at 6, ¶ 1).  Nevertheless, the Court further warned: "Plaintiff is placed on notice that it is Plaintiff's responsibility through discovery to identify any John/Jane Doe Defendants, because an unidentified individual cannot be served with

process. Upon service of process on the named Defendants, Plaintiff will be given a deadline to identify any John/Jane Doe Defendants." (Doc. 25 at 6, ¶ 2).

Prior to the Court entering its standard scheduling order in *pro se* cases, counsel entered their appearance (Doc. 35) for Plaintiff in August 2023. Therefore, the Court did not *sua sponte* set a deadline by which Plaintiff was to move to amend or to substitute the real names of any Doe Defendants. Rather, the Court adopted the parties' joint Proposed Discovery Plan (Doc. 46), which set the deadline to amend the pleadings to February 23, 2024. In the interim, on December 12, 2023, Mindi Nurse served interrogatories on Plaintiff, by counsel, in an effort to identify the Doe Defendants. Plaintiff responded on January 11, 2024. Defendants' counsel provided names based upon the descriptions on February 6, 2024. The Court subsequently granted Plaintiff's unopposed Motion (Doc. 55) requesting an extension until April 23, 2024, to file an amended complaint and join additional parties. Plaintiff filed an Amended Complaint (Doc. 61) on that date, naming as Defendants the two Does identified by Mindi Nurse— Sgt. Ivan Perez and Lt. Jordan Pratt—and amending the name of another Defendant from Petterson to Peters, based upon information provided by Nurse.

Having provided the foregoing information, Warden Nurse therefore moves to be dismissed as a Defendant in this case. Upon review of the Motion (Doc. 66) and Response (Doc. 71) thereto, the Court finds good cause exists to dismiss Warden Nurse from this case. Warden Nurse fulfilled her limited role by participating in discovery that resulted in the identification of Doe Defendants. To the extent that Plaintiff is seeking further identifying documentation regarding the Defendants who have been

named in his Amended Complaint, the parties' briefs make clear that counsel for Plaintiff has served subpoenas on the Illinois Department of Corrections ("IDOC") for these records.

For the foregoing reasons, the Motion to Dismiss (Doc. 66) is GRANTED.

The Court now turns to the issue of exhaustion. Defendants filed a Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Doc. 73) on June 28, 2024. Afterwards, Plaintiff asked for an extension of time to file a response thereto, and the parties filed proposed Discovery Plans (Docs. 80, 83) in order to conduct discovery relating to the issue of exhaustion of administrative remedies. The Court adopted the parties' Discovery Plans, which set a November 15, 2024, deadline for the parties to complete discovery relating to exhaustion.

Since that date, neither party has asked for additional time to complete discovery regarding exhaustion, nor has Plaintiff filed a response to Defendants' Motion for Summary Judgment (Doc. 73). Defense counsel suggested, in the Motion to Dismiss (Doc. 66), that this matter should be set for an evidentiary hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).

Given the length of time since the Motion for Summary Judgment was filed and the fact that the parties have conducted months of additional discovery on the issue of exhaustion since that filing, the Court hereby declares the pending Motion (Doc. 73) MOOT. Defendants are granted 21 days in which to refile a motion for summary judgment on the issue of exhaustion, after which Plaintiff must file a response in

compliance with the deadlines set by Local Rules.  The Court will then set this matter

for a *Pavey* hearing, if necessary, upon review of the briefs.

Alternatively, should the parties require additional time to complete discovery

relating to this issue, they must notify the Court and file a revised proposed discovery

plan within 14 days.

**IT IS THEREFORE ORDERED THAT:**

1. **Defendant Warden Mindi Nurse's Motion to Dismiss [66] is GRANTED. The Clerk is directed to terminate Mindi Nurse as a party in this matter.**

2. **The Clerk is directed to MOOT Defendants' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies [73].**

3. **The deadline for Defendants to file a revised or renewed motion for summary judgment on the issue of exhaustion is 21 days from entry of this Order.  The parties are directed to comply with deadlines set by Local Rules for their response and reply thereto.**

4. **Alternatively, if additional discovery is needed on the issue of exhaustion, the parties must file a proposed discovery plan within 14 days of this Order.**

ENTERED this 26th day of February, 2025.

s/ *Joe Billy McDade*
JOE BILLY McDADE
SENIOR U.S. DISTRICT COURT