IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| Joseph Murphy, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case no. 22-cv-1266 |
| | ) |
| v. | ) |
| | ) The Honorable Jonathan E. Hawley |
| Curtis Bailey, *et al.* | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

On June 24, 2025, Plaintiff filed a notice of supplemental authority [96], asking this Court to note the Supreme Court's slip opinion at *Perttu v. Richards*, No. 23-1324, 605 U.S. __ (June 18, 2025), *available at* https://www.supremecourt.gov/opinions/24pdf/23-1324_2c83.pdf. Plaintiff's notice argues that *Perttu* is analogous to her own because "(1) Pontiac staff refused to provide Plaintiff grievance forms and refused to let her submit grievances, and (2) Pontiac staff thwarted Plaintiff from taking advantage of the grievance process through intimidation and retaliation." (Pl.'s Notice of Suppl. Auth. 2.) Plaintiff offers no additional context about how *Perttu* applies, nor how it impacts the Court's analysis of Defendants' pending motion for summary judgment. Although she states that "PLRA exhaustion issue is intertwined with the merits of Plaintiff's Section 1983 claims that fall under the Seventh Amendment" (*id.*), she does not say what those claims are.

Fortunately, *Perttu* is inapplicable and will not affect the court's assessment of the Parties' existing motion papers because, in *Perttu*, the Court held that the exhaustion issue and the underlying claim requiring a Seventh Amendment jury trial must be *substantively identical*. No such identity of claims *versus* defenses (*i.e.*, "intertwining") exists here. The only claims before the Court are Plaintiff's Eighth Amendment allegations, and none of them "depend on" the availability of administrative remedies. *Id.* at 1 ("The parties agree that the exhaustion and First Amendment issues are intertwined, because both *depend on* whether Perttu did in fact destroy Richards's grievances and retaliate against him.") Accordingly, *Perttu* does not implicate any issue before this Court.

In *Perttu*, the prisoner alleged that the defendant "allegedly ripped up the plaintiffs' grievance forms, threw them away, and threatened" violence if he

filed more. *Id.* at 3. The prisoner also alleged he was "being 'wrongfully held in administrative segregation in retaliation for filing grievances' and that [the officer] was retaliating against them in other ways, *all in violation of their First Amendment rights.*" *Id.* (emphasis added). The defendant, on the other hand, argued on summary judgment that such retaliation (which predicated the First Amendment claims) was untrue. Essentially, the First Amendment claim and the exhaustion defense were identical.

Wrestling with problems arising from collateral estoppel and having the same precise fact being found by the trial judge where the jury may find the opposite fact, the Court held only that "as a matter of statutory interpretation that parties have a right to a jury trial on [Prison Litigation Reform Act] exhaustion when that issue is intertwined with the merits of a claim that falls under the Seventh Amendment." *Slip op.* at 6. The Court reasoned that "the exhaustion and First Amendment questions depend on common factual issues," *id.* at 10, and that "factual determinations in a first action [(*i.e.*, exhaustion)] can have direct estoppel effect in a second action [(*i.e.*, on a First Amendment claim)] on the same claim." *Id.* at 10-11. The Court found that "if the judge below had ruled that [the defendant] did destroy [the prisoner's] grievances, then [the defendant] himself may have been precluded from relitigating that issue before the jury under law of the case." *Id.*

Here, no such preclusive effect would arise, and *Perttu* does not apply. Plaintiff's allegations fall under the Eighth Amendment and concern excessive force and deliberate indifference to serious medical needs. She claims that on July 19, 2022, she was dragged across the floor, beaten, and denied medical care afterward. Four days later, she alleges that a different defendant groped her, and three days after that, another defendant sexually abused her. (1st Am. Compl.) All of these alleged events involved direct physical conduct. Nothing in Plaintiff's complaint suggests that the grievance process played any role in causing them or is necessary to prove them. She does not need to establish that the grievance process was available to prevail on these claims.

Plaintiff states that *Perttu* stands for a "rejection" of "the approach previously taken by the Seventh Circuit in *Pavey v. Conley*, 544 F. 3d 739, 742 (7th Cir. 2008) that resolved PLRA exhaustion issues through a bench trial." (Pl.'s Notice at 1.) Plaintiff is incorrect. In fact, the Supreme Court in *Perttu* stated that "[t]wo Circuits have suggested they agree with [the defendant] that factual findings related to exhaustion have no estoppel effect, but with little analysis and in cases *that did not squarely present an estoppel issue*," referring to the Seventh Circuit's holding in *Pavey*. *Perttu*, slip op. at 3

(emphasis added). Rather than rejecting *Pavey*, the Court acknowledged its existence and noted that it did not address the precise *estoppel-based concern* presented in *Perttu*.

To the extent *Pavey* has been abrogated, it is because of the Court's narrow holding: "we hold that parties are entitled to a jury trial on PLRA exhaustion when that issue is intertwined with the merits of a claim protected by the Seventh Amendment." *Id.* at 17. Nothing in *Perttu* suggests that a bench trial under *Pavey* is inappropriate in cases where the exhaustion issue is *not* intertwined with the merits. *Id.* at 5-6 (citing *Beacon Theatres Inc. v. Westover*, 359 U.S. 500, 510-11 (1959)) ("The usual practice is that factual disputes regarding the merits of a legal claim go to the jury, even if that means a judge must let a jury decide questions he could ordinarily decide on his own. That usual practice matters for interpreting the statute . . . .")

Because Plaintiff's claims here are purely under the Eighth Amendment and do not depend on whether prison officials destroyed grievances or interfered with her ability to file them, the exhaustion dispute is not intertwined with the merits—and *Perttu* does not apply.

Date: June 24, 2025

        Respectfully submitted,

        KWAME RAOUL
        Attorney General of Illinois

By:    */Daniel N. Robbin/*
        Daniel Noah Robbin
        Bar No. 6321386
        Assistant Unit Supervisor, Prisoner Litigation
        Government Representation Division
        Office of the Attorney General
        115 S. La Salle St.
        Chicago, Illinois 60603
        (312) 814-7199
        daniel.robbin@ilag.gov
        *Counsel for Defendants*