UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JOSEPH MURPHY,<br><br>*Plaintiff*,<br><br>v.<br><br>CURTIS BAILEY, et al.,<br><br>*Defendants*. | NO. 1:22-cv-01266-JEH |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE REPLY TO DEFENDANTS' RESPONSE
AND REQUEST FOR ORAL ARGUMENT
<u>REGARDING PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

Pursuant to Local Rule 7.1(B)(3), Plaintiff respectfully moves for leave to file a reply (attached as Exhibit A) to Defendants' Response (Dkt. 97) to Plaintiff's Notice of Supplemental Authority (Dkt. 96).

Pursuant to Local Rule 7.1(A)(2), Plaintiff further respectfully requests that the Court set oral argument to resolve the issues regarding the applicability of the Supreme Court's decision in *Perttu v. Richards*, No. 23-1324, 605 U.S. __ (June 18, 2025). Oral argument will allow the parties to fully explain how the legal principles in *Perttu v. Richards* apply to their respective positions. Plaintiff estimates that a total of 40 minutes, 20 minutes per side, will be sufficient.

**WHEREFORE,** Plaintiff respectfully requests that the Court grant leave for Plaintiff to file the reply as attached, and set oral argument regarding the applicability of *Perttu v. Richards*.

Dated: June 27, 2025                    Respectfully submitted,

  /s/ *Abby L. Parsons*
Abby L. Parsons
ARNOLD & PORTER KAYE
SCHOLER LLP
700 Louisiana St., Suite 4000
Houston, TX 77002
(713) 576-2442
abby.parsons@arnoldporter.com

Brent P. Ray
ARNOLD & PORTER KAYE
SCHOLER LLP
70 W. Madison St., Suite 3700
Chicago, IL 60602
(312) 583-2325
brent.ray@arnoldporter.com

Sarah Prather
Rachel Anne Horowitz
ARNOLD & PORTER KAYE
SCHOLER LLP
250 West 55th Street
New York, NY 10019
(212) 836-7816
sarah.prather@arnoldporter.com
rachel.horowitz@arnoldporter.com

Anora Wang
ARNOLD & PORTER KAYE
SCHOLER LLP
601 Massachusetts Avenue N.W.
Washington, DC 20001
(202) 942-6483
anora.wang@arnoldporter.com

*Counsel for Plaintiff,*
*ANDREYA MONTRISE*
*(known to IDOC as JOSEPH MURPHY)*

## CERTIFICATE OF SERVICE

I certify that on June 27, 2025, I electronically filed the foregoing document and any attachments with the Clerk of this Court by using the CM/ECF system, which will accomplish service through the Notice of Electronic Filing for parties and attorneys who are Filing Users.

/s/ *Abby Parsons*
Abby Parsons

# Exhibit A

JOSEPH MURPHY,

      *Plaintiff*,

v.

CURTIS BAILEY, et al.,

      *Defendants*.

NO. 1:22-cv-01266-JEH

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE
REGARDING PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

      Defendants admit that the Seventh Circuit's previous approach in "*Pavey* has been abrogated" (Dkt. 97, at 3), by the Supreme Court's recent decision in *Perttu v. Richards*, No. 23-1324, 605 U.S. \_\_\_\_ (2025), but still resist the application of *Perttu* to the present case. The opinion is clear, however, and it warrants denial of Defendants' Motion for Summary Judgment.

      First, Defendants misread *Pettru*, arguing that the "exhaustion dispute is not intertwined with the merits" in the present case "[b]ecause Plaintiff's claims here are purely under the Eighth Amendment and do not depend on whether prison officials destroyed grievances or interfered with her ability to file them." Dkt. 97, at 3. Defendants conflated where *Perttu* stands in relation to the several amendments to the U.S. Constitution. The Seventh Amendment guarantees the right to a jury trial in federal civil cases where the value in controversy exceeds certain amount. The underlying claim to be resolved in the jury trial needs not be under the Seventh Amendment itself — the relevant claim in *Perttu* is under the First Amendment, and it is that First Amendment claim being "intertwined" with the exhaustion issue. *See* 605 U.S. \_\_\_\_ (2025), at *1. Similarly, the claims in the present case under the Eighth Amendment intertwined with the exhaustion issue should be resolved through a jury trial.

      Second, Defendants argued that *Perttu* does not apply in present case, because "no such preclusive effect would arise" as in *Perttu*, which case had "problems arising from collateral estoppel." Dkt. 97, at 2.

Yet, the Supreme Court already clarified and rejected this position: *Perttu* applies *regardless* of whether "factual findings concerning exhaustion have no estoppel effect in a later jury trial." 605 U.S. \_\_\_\_ (2025), at *14. The principle requiring jury resolution of the PLRA exhaustion issue applies "when judicial resolution of a common issue might 'prevent a full jury trial'" — that is a concern over estoppel as well as "reason *other* than estoppel" that might have a preclusive effect. *Id.* Seeing facts analogous to the present case where factual disputes exist regarding PLRA exhaustion, the Supreme Court cautioned that "[i]nstead of just being estopped, [prisoner] Richards's claim is being dismissed entirely" because "a jury would never be assembled to resolve the factual disputes." *Id.*

Finally, Defendants erroneously limited *Perttu*'s application to cases where "the exhaustion issue and the underlying claim requiring a Seventh Amendment jury trial must be *substantively identical*." Dkt. 97, at 1. But *Perttu* only requires that factual disputes are "intertwined" with the merits of the claim.

In *Perttu*, "[t]he parties agree that the exhaustion and [the underlying] First Amendment issues are *intertwined*, because both depend on whether [the prison employee] Perttu did in fact destroy [the prisoner] Richards's grievances and retaliate against him." 605 U.S. \_\_\_\_ (2025), at *1. Here , there is no doubt the issues are intertwined because the PLRA exhaustion issue and Plaintiff's claims under the Eighth Amendment both depend on resolution of factual disputes whether administrative remedies were unavailable to Plaintiff because of Defendants' interference through refusal, intimidation, and retaliation. Dkt. 91 at 15-21. Under *Perttu*, such issues must be resolved by a jury at trial.

Dated: June 27, 2025                              Respectfully submitted,


  /s/ *Abby L. Parsons*
Abby L. Parsons
ARNOLD & PORTER KAYE
SCHOLER LLP
700 Louisiana St., Suite 4000
Houston, TX 77002
(713) 576-2442
abby.parsons@arnoldporter.com

Brent P. Ray
ARNOLD & PORTER KAYE
SCHOLER LLP
70 W. Madison St., Suite 3700
Chicago, IL 60602
(312) 583-2325
brent.ray@arnoldporter.com

Sarah Prather
Rachel Anne Horowitz
ARNOLD & PORTER KAYE
SCHOLER LLP
250 West 55th Street
New York, NY 10019
(212) 836-7816
sarah.prather@arnoldporter.com
rachel.horowitz@arnoldporter.com

Anora Wang
ARNOLD & PORTER KAYE
SCHOLER LLP
601 Massachusetts Avenue N.W.
Washington, DC 20001
(202) 942-6483
anora.wang@arnoldporter.com

*Counsel for Plaintiff,*
*ANDREYA MONTRISE*
*(known to IDOC as JOSEPH MURPHY)*