# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| JOSEPH MURPHY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:22-cv-01266-JEH-RLH |
| ) | |
| CURTIS BAILEY, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

Now before the Court is Plaintiff's Motion to Compel (Doc. 103). Defendants and the Illinois Department of Corrections have filed a Response in Opposition (Doc. 106). For the following reasons, Plaintiff's Motion is DENIED.

### DISCUSSION

Discovery in this matter closed on November 15, 2024, following an extension from the original September 2024 deadline. (d/e 10/1/2024). The Court later reopened discovery only for exhaustion-related issues between March 12 and April 11, 2025, which the parties completed. Plaintiff did not move to extend deadlines, compel additional discovery, or notify the Court that merits discovery remained open.

On September 17, 2025, more than four months after exhaustion discovery closed and with trial set for December 1, 2025, Plaintiff moved to compel (1) the deposition of Defendant Officer Peters, and (2) a Rule 30(b)(6) deposition and documents concerning IDOC's video retention. Plaintiff's motion is untimely. Under

this Court's standing order, discovery disputes raised after the expiration of deadlines are deemed waived.

Plaintiff had Defendant Peters's incident report since February 2024, yet did not pursue his deposition until more than a year later. Plaintiff claims she first realized the similarity between Peters's and Dayton's reports during Dayton's April 7, 2025 deposition, but the reports had been produced to her counsel on February 9, 2024. These circumstances do not demonstrate diligence, and Plaintiff has not shown good cause under Rule 16(b)(4) to reopen discovery to depose Officer Peters.

Plaintiff served a subpoena upon Pontiac Correctional Center's Records Officer Supervisor on March 18, 2024. (Doc. 59-1). With respect to IDOC's document and video retention policy, Defendants offered a 30(b)(6) witness prior to November 2024. Additionally, IDOC represents that it has repeatedly confirmed no videos or additional responsive documents to Plaintiff's subpoena exist.

On April 25, 2024, the Court held a hearing on a Motion to Quash Subpoena and discussed discovery disputes. Plaintiff did not file a further Motion to Compel a response to the subpoena. Plaintiff also did not raise this issue in the August 2024 Joint Discovery Plan or the March 2025 Joint Exhaustion-Related Discovery Schedule, and any enforcement of earlier subpoenas was required before the November 2024 discovery deadline. (Docs. 80, 86). Plaintiff has not shown diligence or good cause under Rule 16(b)(4) to reopen discovery to compel IDOC to produce records and a records custodian.

## CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel [103] is DENIED.

SO ORDERED.

Entered this 2nd day of October 2025.

s/ Ronald L. Hanna
Ronald L. Hanna
United States Magistrate Judge
