IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JOSEPH MURPHY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:22-cv-01266-JEH-RLH |
| | ) |
| CURTIS BAILEY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### **PLAINTIFF'S MOTIONS IN LIMINE**

Plaintiff Andreya Montrise (also known as Joseph Murphy) respectfully moves this Court to grant Plaintiff's Motions *in Limine* Nos. 1–8.

### **LEGAL STANDARD**

Motions *in limine* perform "a gatekeeping function and permit[] the trial judge to eliminate from further consideration evidentiary submissions that clearly ought not be presented to the jury." *Jonasson v. Lutheran Child & Fam. Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). Thus, such motions are used to "sharpen[] the focus of later trial proceedings and permit[] the parties to focus their preparation on those matters that will be considered by the jury." *Id.*

Trial courts "have broad discretion in ruling on evidentiary questions during trial or before on motions *in limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). This is because evidentiary decisions "are peculiarly within the competence of the district court." *Schaefer v. Universal Scaffolding & Equip., LLC*, 839 F.3d 599, 612 (7th Cir. 2016) (quotations and citations omitted). Ultimately, motions *in limine* are brought pursuant to a district court's "inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).

# ARGUMENT

I.  **Issue 1 - Unopposed: Bar Reference to or Evidence of Plaintiff's Sexual History, Either Before Being Incarcerated or During Incarceration**

This Court should preclude evidence of Plaintiff's sexual history, including sexual conduct and relationships, either before being incarcerated or during incarceration because it is not relevant to this case, substantially more prejudicial than probative, impermissible character evidence, and evidence of a sexual abuse victim's sexual behavior and predisposition. *See* FED. R. EVID. 402, 403, 404, 412. Defendants do not oppose.

Plaintiff's sexual history is irrelevant to whether Defendants violated Plaintiff's constitutional rights and thus would be distracting and confusing to present to the jury. *See United States v. Cephus*, 684 F.3d 703, 708 (7th Cir. 2012) (noting that prior sex acts were irrelevant to whether beatings at issue occurred).

In addition to being irrelevant, sexual history is character evidence. Character evidence is barred "as a categorical matter" no matter how probative. *See United States v. Gomez*, 763 F.3d 845, 862 (7th Cir. 2014). Even evidence that is not facially propensity evidence must be "relevant without relying on a propensity inference." *Id.* at 856.

Furthermore, even if there were permissible uses, the risk of prejudicing the jury against Plaintiff outweighs any probative value. *See United States v. Waeckerle*, No. 22-CR-30050-SMY, 2024 WL 1759249, at *4–5 (S.D. Ill. Apr. 24, 2024) (finding evidence of sexual history was properly excluded because it was not relevant and prejudicial). Evidence of Plaintiff's sexual history creates a substantial risk that the jury will base its decision on stereotypes and prejudice against certain sexual activities that are unrelated to the issues before this Court.

Lastly, the Federal Rules of Evidence provide enhanced protections for victims of sexual abuse. Under Rule 412, "evidence offered to prove that a victim engaged in other sexual behavior;

or [] evidence offered to prove a victim's sexual predisposition" is "not admissible in a civil or criminal proceeding involving alleged sexual misconduct." Plaintiff's sexual history falls squarely within this prohibition. *See United States v. Boltz*, No. 20-CR-734, 2025 WL 712065, at *6 (N.D. Ill. Mar. 4, 2025) (finding past sexual communications fell squarely within the scope of Rule 412).

**II.    Issue 2 - Unopposed: Bar Reference to or Evidence of Withdrawn Claims and Defenses**

The Court should bar reference to or evidence of withdrawn claims and defenses because such evidence is irrelevant, unfairly prejudicial, and confusing. *See* FED. R. EVID. 402, 403. Defendants do not oppose.

Defendants recently withdrew their affirmative defense of exhaustion of administrative remedies. *See* Dkt. 105; Sept. 25, 2025 J. Hawley Text Order. As such, Defendants should be barred from arguing that Plaintiff did not correctly and adequately report or grieve the incidents at issue here.

Reference to any withdrawn claims have a strong likelihood of confusing the issues and wasting time. This is easily avoided at little cost since withdrawn claims are irrelevant to the issues before the Court, in addition to being prejudicial. *See Arroyo v. Volvo Grp. N. Am., LLC*, No. 12-cv-6859, 2016 WL 11744843, at *4 (N.D. Ill. Aug. 4, 2016) (excluding dismissed claims except where facts underlying dismissed claims are relevant to remaining claims).

District courts often exclude such references. *See, e.g., Ledford v. Lamartz*, 462 F. Supp. 3d 905, 909–910 (N.D. Ind. 2020) (excluding evidence of dismissed claims because such evidence "would needlessly burden the trial proceedings with delays and inefficiency"); *Watters v. Mamaril*, No. 1:18-CV-00270-MPB-JMS, 2023 WL 11016388, at *2–3 (S.D. Ind. Mar. 8, 2023); *Sturm v. Hedges*, No. 1:14-cv-00848-MPB-RLY, 2017 WL 11001656, at *5 (S.D. Ind. June 21, 2017); *Valdez v. Lowry*, No. 18-CV-5434, 2021 WL 5769533, at *11–12 (N.D. Ill. Dec. 5, 2021).

3

**III.    Issue 3 - Unopposed: Reference to or Evidence of Tax Implications of a Finding for Plaintiff**

The Court should bar reference to the tax implications of a finding for Plaintiff, including a reference to tax dollars paying an award in this matter, because it is unfairly prejudicial. FED. R. EVID. 403. Defendants do not oppose.

The Seventh Circuit has recognized "that appeal to jurors' pecuniary interests as taxpayers are, of course, generally improper." *Moore ex rel. Est. of Grady v. Tuleja*, 546 F.3d 423, 429 (7th Cir. 2008). Such appeals have an elevated likelihood of causing jurors to make their decision out of concern for their financial interests instead of concern for the truth. District courts routinely bar such references. *See, e.g., McCoy v. Mennerich*, 584 F. Supp. 3d 635, 641 (S.D. Ill. 2022) (excluding reference to tax implications of a favorable verdict for plaintiff); *Christmas v. City of Chicago*, 691 F. Supp. 2d 811, 817 (N.D. Ill. 2010) (barring reference to an award adversely impacting the finances of the city being sued).

**IV.    Issue 4 – Opposed: Bar Reference to or Evidence of Plaintiff's Criminal History Including Prior Arrests, Court Appearances, Crimes, Convictions, Sentences, and Charges**

This Court should preclude evidence of Plaintiff's criminal history including prior arrests, court appearances, crimes, convictions, sentences, and charges. *See* FED. R. EVID. 402, 403, 404, 608, 609. Defendants oppose this motion, as they wish to introduce evidence of the number of felony convictions and the dates they occurred.

Plaintiff's criminal history has nothing to do with the subject of this lawsuit: Defendants' conduct. *See* FED. R. EVID. 402. Reference to Plaintiff's criminal history would create unfair prejudice that would substantially outweigh any probative value provided. *See* FED. R. EVID. 403. The Seventh Circuit has recognized that district courts have a "duty to ensure that this class of civil rights plaintiffs are not unfairly prejudiced by the use of their criminal pasts against them." *Geitz*

*v. Lindsey*, 893 F.2d 148, 151 (7th Cir. 1990). The Seventh Circuit also stated that "a felon is entitled to the same consideration of the merits of his case as a litigant who has never been convicted of a felony, and that entitlement is undermined by allowing a party to a lawsuit to draw the jury's attention to the fact that his opponent is a convicted felon." *Schmude v. Tricam Indus., Inc.*, 556 F.3d 624, 627 (7th Cir. 2009).

Additionally, criminal history is excludable as prior bad acts and impermissible character evidence pursuant to Rules 403, 404(b), and 608. *See, e.g., Cruz v. Safford*, 579 F.3d 840, 845 (7th Cir. 2009) (affirming the exclusion of prior arrests as highly prejudicial); *Gregory v. Oliver*, No. 00-C-5984, 2003 WL 1860270, at *1 (N.D. Ill. Apr. 9, 2003) ("Arrests that have not led to convictions are classic candidates for exclusion under [Rule] 404(b).").

The fact of a criminal conviction may be used under certain circumstances to impeach a witness's character for truthfulness, subject to Rule 403. *See* FED. R. EVID. 608, 609. However, evidence of the conduct underlying that conviction is irrelevant, where, as here, the witness is not a defendant in a criminal trial. As the Seventh Circuit has explained, "all that is needed to serve the purpose of challenging the witness's veracity is the elicitation of the crime charged, the date, and the disposition . . . it is error to elicit any further information for impeachment purposes." *Gora v. Costa*, 971 F.2d 1325, 1330 (7th Cir. 1992).

Here, Plaintiff has four convictions for aggravated battery, robbery, and sexual abuse and assault. *See McCoy v. Mennerich*, 584 F. Supp. 3d 635, 638–639 (S.D. Ill. 2022) (barring evidence of the specific felonies charged as unfairly prejudicial). Such measures are needed because Plaintiff's convictions for sexual assault are highly prejudicial to her sexual assault claims. There is a substantial risk of jurors believing that Plaintiff deserved to be assaulted and thus should not receive an award regardless of the facts.

Thus, this Court should exclude evidence of or reference to Plaintiff's criminal history including arrests, crimes, convictions, sentences, and charges.

## V. Issue 5 - Opposed: Bar Reference to or Evidence That Plaintiff Made PREAs or Grievances and the Results of Those Complaints For Any Unrelated Incidents

The Court should preclude reference to or evidence that Plaintiff made Prison Rape Elimination Act accusations ("PREAs") or grievances and the results of those complaints for any unrelated incidents. Such evidence is irrelevant, unfairly prejudicial, hearsay, and impermissible character evidence. *See* FED. R. EVID. 402, 403, 404, 802. Defendants oppose this motion.

Any PREAs or grievances unrelated to the incidents at issue here are irrelevant and have a substantial likelihood of confusing the issues for the jury. Additionally, such evidence likely relies on hearsay. Now that Defendants have withdrawn the issue of exhaustion of administrative remedies, unrelated grievances can have no impact on the issues before this Court. *See* Dkt. 105; Sept. 25, 2025 J. Hawley Text Order.

Further, such evidence is impermissible character evidence as it would give the misleading impression of a propensity for filing frivolous grievances. Such evidence is impermissible and would unfairly prejudice the jury against Plaintiff for reasons unrelated to the incidents at issue here. *See, e.g., Valdez v. Lowry*, No. 18-CV-5434, 2021 WL 5769533, at *2–3 (N.D. Ill. Dec. 5, 2021) (excluding evidence of unrelated encounters with the police and unrelated encounters between the parties as prejudicial and character evidence); *Wade v. Rizzuto*, No. 14-C-3825, 2019 WL 10734657, at *3 (N.D. Ill. Mar. 20, 2019) (excluding unrelated grievances); *Gomez v. Palmer*, No. 11-C-1793, 2016 WL 212800, at *3 (N.D. Ill. Jan. 19, 2016) (excluding unrelated grievances as prejudicial and character evidence); *Allmon v. United States*, No. 1:17-cv-01906-TWP-DML, 2020 WL 4430584, at *3 (S.D. Ind. July 31, 2020) (excluding unrelated grievances).

## VI. Issue 6 - Opposed: Bar Reference to or Evidence of Plaintiff's Mental Health History Including Diagnoses, Assessments, Involvement in Mental Health Groups, and Placements on Crisis Watch

The Court should bar reference to Plaintiff's mental health history, including diagnoses, assessments, involvement in mental health groups, and placements on crisis watch except for any such evidence related to the incidents in this case. Such evidence is irrelevant, unfairly prejudicial, hearsay, and impermissible character evidence. *See* FED. R. EVID. 402, 403, 404, 802. Defendants oppose this motion.

Plaintiff's mental health history is irrelevant to whether correctional officers used excessive force, failed to intervene, and failed to provide medical attention and such evidence is likely to rely on hearsay. Furthermore, Plaintiff's mental health history has a high risk of causing the jury to dismiss Plaintiff without considering the evidence.

Mental health professionals at the Illinois Department of Corrections ("IDOC") have made a number of highly inflammatory claims about Plaintiff. They have diagnosed her with gender dysphoria, bipolar disorder, anxiety, post-traumatic stress disorder ("PTSD"), antisocial personality disorder, and borderline personality disorder, among others. Mental health professionals have described her as having poor insight, judgment, and impulse control and made unproven claims that she used PREA accusations to escape undesirable situations or to change housing units. Plaintiff has discussed with mental health professionals issues related to intimate relationships while incarcerated and having suicidal thoughts. Additionally, Plaintiff participated in mental health programs and a group for emotion regulation. All such information is highly inflammatory and irrelevant hearsay.

As the Seventh Circuit has recognized repeatedly, "evidence relating to the plaintiff's mental and emotional state and past actions is not admissible in judging the use of excessive force." *Palmquist v. Selvik*, 111 F.3d 1332, 1340 (7th Cir. 1997) (finding evidence was properly excluded

7

of a victim's mental state and physical behavior before the incident at issue); *see also Rascon v. Hardiman*, 803 F.2d 269, 278 (7th Cir. 1986) (finding evidence of mental illness and suicide attempt properly excluded). The subject of trial is the "actual behavior" at issue and "not a psychiatric prediction about how someone [with a certain disorder] might have behaved." *See Wallace v. Mulholland*, 957 F.2d 333, 336 (7th Cir. 1992) (finding evidence that individual had schizophrenia was properly excluded). Further, "the danger that a jury will conclude that a mentally deficient plaintiff, regardless of his actual behavior, somehow 'asked for' mistreatment [] is greater than the value of such evidence to explain the [] use of force." *Id.*

District courts routinely exclude similar mental health evidence because it is irrelevant and unfairly prejudicial. *See, e.g., Valdez v. Lowry*, No. 18-CV-5434, 2021 WL 5769533, at *4–5 (N.D. Ill. Dec. 5, 2021) (barring evidence of plaintiff's bipolar and PTSD diagnoses because "evidence that plaintiff has been diagnosed with certain mental health conditions is irrelevant to the inquiry of whether defendant officers used excessive force when they arrested him."); *Wynn v. Adams*, No. 23-CV-364-JDP, 2024 WL 4589485, at *4 (W.D. Wis. Oct. 28, 2024) (excluding mental health diagnosis because it has limited relevance); *Brown v. City of Fort Wayne*, No. 1:09-CV-150, 2011 WL 2690470, at *2–3 (N.D. Ind. July 11, 2011) (excluding inflammatory statements to mental health provider because it is unduly prejudicial).

### VII. Issue 7 - Opposed: Bar Reference to or Evidence of Other Civil Litigation Involving Plaintiff

This court should preclude reference to other prior or pending civil litigation filed by or against Plaintiff because it is irrelevant, unfairly prejudicial, and impermissible character evidence. *See* FED. R. EVID. 402, 403, 404. Defendants oppose this motion.

Any other litigation would not be relevant to the issues before this Court. Other litigation would also be inadmissible character evidence under Federal Rule of Evidence 404(b) as it would

only serve to show a propensity for litigiousness. *See Mathis v. Phillips Chevrolet, Inc.*, 269 F.3d 771, 775–777 (7th Cir. 2001) (affirming district court's refusal to admit plaintiff's previous lawsuits even when previous lawsuits alleged similar facts against other dealerships and may be part of a fraudulent scheme to harass dealerships). As the Seventh Circuit has noted "[t]here are rare exceptions when the evidence is admitted for reasons other than to show the plaintiff's litigious character and it is sufficiently probative to survive Rule 403 balancing." *Nelson v. City of Chicago*, 810 F.3d 1061, 1071–1072 (7th Cir. 2016) (reversing a judgment for, among other reasons, allowing evidence of other litigation).

Even if this evidence had some marginal probative value, it is far outweighed by the waste of time and confusion of the issues that would result from admitting this evidence. Here, admission would result "in mini-trials on the merits of those litigations, adding substantial delay to the … trial." *See BP Amoco Chem. Co. v. Flint Hills Res.*, LLC, 697 F. Supp. 2d 1001, 1038 (N.D. Ill. 2010) (finding no error for excluding prior litigations).

**VIII. Issue 8 – Opposed: Bar Reference to or Evidence That Plaintiff Has Gender Dysphoria or Identifies as a Transgender Person**

The Court should bar reference to or evidence that Plaintiff: (i) has been diagnosed and receives treatment for gender dysphoria, (ii) identifies as transgender, (iii) goes by a preferred name of "Andreya Montrise," and (iv) prefers the use of she/her pronouns. Such evidence is unfairly prejudicial. *See* FED. R. EVID. 403. Defendants oppose this motion.

While Plaintiff's gender identity supplies additional context showing that Defendants' conduct was particularly heinous as they exploited Plaintiff's vulnerability in a male prison, such factual context has no bearing on the claims or defenses related to Defendants' violence. *See* ECF No. 178, 207, *Brown v. Lock*, No. 3:15-cv-03348-JEH-TSH (C.D. Ill. Jan. 14, 2020, Feb. 5, 2020) (barring evidence of plaintiff's sexual orientation and gender identity); *Evoy v. CRST Van*

*Expedited*, No. 04-C-4211, 2006 WL 6554133, at *1 (N.D. Ill. Feb. 14, 2006) (barring evidence of sexual orientation or sexual identity as irrelevant).

Further, sexual orientation and gender identity are characteristics prone to stereotype, emotional reactions, and implicit bias. Thus, federal courts have widely exercised their discretion to exclude evidence of sexual history, including sexual orientation under Federal Rule of Evidence 403, when the probative value of gender identity is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, and wasting time. *See, e.g., United States v. Boylan*, 898 F.2d 230, 255 n.14 (1st Cir. 1990), *cert. denied* 498 U.S. 849 (1990) (finding that the trial court properly excluded evidence about a witness's sexual preference "[g]iven the marginal value of sexual preference testimony and its potential to distract the jury from the legitimate issues in the case"); *Porretto v. Stalder*, 834 F.2d 461, 465 (5th Cir. 1987); *United States v. Davila*, 704 F.2d 749, 753 (5th Cir. 1983); *Cohn v. Papke*, 655 F.2d 191, 194–195 (9th Cir. 1981); *United States v. Millen*, 594 F.2d 1085, 1088 (6th Cir. 1979).

The Seventh Circuit also recognized sexual orientation and gender identity as protected characteristics. *See Hively v. Ivy Tech Cmty. Coll. of Ind.*, 853 F.3d 339, 351–352 (7th Cir. 2017) (en banc) (recognizing sexual-orientation discrimination as sex discrimination under Title VII). Thus, evidence of an individual belonging to such a class is legally salient and such sensitive attributes call for special scrutiny to avoid bias.

Additionally, references to Plaintiff's sexual orientation or gender identity would amount to improper character evidence offered to suggest that Plaintiff is more or less credible or deserving. *See* FED. R. EVID. 404. Courts widely recognize that information about a witness's sexual history or sexual orientation has no bearing on his or her propensity to tell the truth under oath and "it would indeed [be] wrong to permit cross-examination on the score of homosexuality

merely to discredit." *United States v. Nuccio*, 373 F.2d. 168, 171 (2d Cir. 1967), *cert. denied*, 387 U.S. 906 (1967); *see also United States v. Colyer*, 571 F.2d 941, 946 n.7 (5th Cir. 1978), *cert. denied*, 439 U.S. 933 (1978); *United States v. Boylan*, 898 F.2d 230, 255 n.14 (1st Cir. 1990), *cert. denied* 498 U.S. 849 (1990); *Eastwood v. Dept. of Corrections of State of Okla.*, 846 F.2d 627, 631 (10th Cir. 1988); *United States v. Provoo*, 215 F.2d 531, 537 (2d Cir. 1954); *United States v. Wright*, 489 F.2d 1181, 1184, 1186 (D.C. Cir. 1973).

Plaintiff's diagnosis of gender dysphoria and the fact that she identifies as a transgender woman should therefore be excluded.

Dated: October 6, 2025                              Respectfully submitted,

   /s/ *Abby L. Parsons*
Brent P. Ray
ARNOLD & PORTER KAYE SCHOLER LLP
70 W. Madison St., Suite 3700
Chicago, IL 60602
(312) 583-2325
brent.ray@arnoldporter.com

Abby Parsons
ARNOLD & PORTER KAYE SCHOLER LLP
700 Louisiana St., Suite 4000
Houston, TX 77002
(713) 576-2442
abby.parsons@arnoldporter.com

Rachel Anne Horowitz
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
(212) 836-7834
rachel.horowitz@arnoldporter.com

Anora Wang
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue N.W.
Washington, DC 20001
(202) 942-6483
anora.wang@arnoldporter.com

*Counsel for Plaintiff,*
*ANDREYA MONTRISE (known to IDOC as*
*JOSEPH MURPHY)*

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that on October 6, 2025 the foregoing was filed via the Court's CM/ECF System and all counsel of record were notified by email.

/s/ *Abby L. Parsons*
Abby L. Parsons
*Counsel for Plaintiff*